UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

L.J. COPPOLA, INC.,

       Plaintiff,
   v.

NORTH AMERICAN SPECIALTY INSURANCE
COMPANY a/k/a NAS SPECIALTY INSURANCE
COMPANY.,

       Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/2022

21 CV 00746 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

  Plaintiff L.J. Coppola, Inc. ("Plaintiff") brings this action against North American Specialty Insurance Company ("Defendant"), asserting a claim of common-law negligence after Defendant allegedly issued payment and performance bonds to a general contractor that it knew was severely undercapitalized and insolvent. (ECF No. 1.) Presently before the Court is Defendant's motion to dismiss the Complaint. (ECF No. 10.) For the following reasons, the motion is GRANTED.

## BACKGROUND

  The following facts are taken from Plaintiff's Complaint (ECF No. 1) and are accepted as true and construed in the light most favorable to Plaintiff for purposes of this motion.

  On or about February 12, 2016, Plaintiff entered into lump sum construction contracts to perform certain plumbing work and HVAC work on a construction project (the "Project"). (Compl. ¶¶ 15, 19.) APS Contractors, Inc. ("APS") is a general contractor that entered into a lump sum construction contract with the State of New York to perform general contracting services for the Project. (*Id*. ¶ 6.) Upon information and belief, Defendant issued certain labor and material

1

payment and performance bonds to APS, guaranteeing prompt payment of all monies due to all persons furnishing materials or performing labor in connection with the Project. (*Id*. ¶ 7.)

Upon information and belief, Defendant knew that APS was severely undercapitalized and insolvent when it issued certain labor and material payment and performance bonds for the Project. (*Id*. ¶¶ 8-10.) The APS contract would not have been executed but for Defendant's issuance of the payment and performance bonds. (*Id*. ¶ 12.) Upon information and belief, Defendant knew APS could not carry out its contractual obligations when it issued the payment and performance bonds. (*Id*. ¶ 14.)

On or about August 1, 2019, Plaintiff was notified that APS was going to be replaced on the Project, as it was severely undercapitalized and insolvent. (*Id*. ¶¶ 30-31.) On or about August 2, 2019, APS voluntarily defaulted, and Defendant undertook its obligations under the payment or performance bonds and attempted to secure completion of the Project through another general contractor. (*Id*. ¶ 35.) On or about August 5, 2019, Defendant entered into a construction contract with Nurzia Construction Corporation to take over for APS. (*Id*. ¶ 36.) By the date of the Complaint, Plaintiff had not completed its work as required by the contracts. (*Id*. ¶ 29.)

Plaintiff initiated this action on December 10, 2020 in the Supreme Court of the State of New York, County of Putnam. (ECF No. 1.) Defendant removed the action on January 27, 2021 based on diversity jurisdiction and filed a motion to dismiss on April 29, 2021. (ECF No. 10.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court

2

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

In its motion, Defendant avers that it owed no duty to Plaintiff, and therefore Plaintiff lacks standing to bring its claim.

Under New York law, "a plaintiff must establish three elements to prevail on a negligence claim: '(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" *Alfaro v. Wal-Mart Stores, Inc*., 210 F.3d 111, 114 (2d Cir. 2000) (quoting *Akins v. Glens Falls City Sch. Dist*., 53 N.Y.2d 325, 333 (1981)). "The existence of a duty is [the] *sine qua non* of a negligence claim: '[i]n the absence of a duty, as a matter of law, no liability can ensue.'" *Id.* (quoting *McCarthy v. Olin Corp*., 119 F.3d 148, 156 (2d Cir. 1997)). This is ultimately a "question of law for the court[]." *Am. Med. Distribs. v. Macdonald Tuskey*, No. 16-CV-6016 (VSB), 2018 WL 1478301, at *3 (S.D.N.Y. Mar. 23, 2018).

I.   **Economic Loss Rule**

3

Defendant first alleges that it owed no duty to Plaintiff under the economic loss doctrine. (Memorandum of Law ("Mem.") ECF No. 11 at 3-5.)  New York's economic loss doctrine states that "pure economic losses (without property damage or personal injury) are not recoverable in a negligence action, and that a claimant suffering purely financial losses is restricted to an action in contract for the benefit of its bargain."  *532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.*, 711 N.Y.S.2d 391, 393–94 (1st Dep't 2000) *rev'd*, 96 N.Y.2d 280, 289 (2001).  Under this principle, the defendant is not liable to a plaintiff for the latter's economic loss unless there exists "a special relationship that requires the defendant to protect against the risk of harm to plaintiff." *Id*.  "[C]ourts have applied the economic loss rule to prevent the recovery of damages that are inappropriate because they actually lie in the nature of breach of contract as opposed to tort." *Hydro Invs., Inc. v. Trafalgar Power, Inc*., 227 F.3d 8, 16 (2d Cir. 2000).

Here, Plaintiff is alleging that Defendant knowingly supplied payment and performance bonds to an insolvent general contractor, and Plaintiff suffered delays and additional costs as a result.  Plaintiff is not pursuing an action to enforce any agreement, or an action that lies in the nature of breach of contract.  *See Hydro Invs*., 227 F.3d at 17 (refusing to apply the economic loss rule where "the damages awarded below were for a harm distinct from [the] contracts").  Therefore, the Court holds that the economic loss rule does not apply.

## II.    Defendant's Alleged Duty

Next, Defendant avers that it did not owe Plaintiff a duty as a surety and is only liable to a third party when its obligations to the principal obligor contain a promise that may be interpreted for the claimant's benefit, and here it had no obligation to disclose APS' finances as it never made any representations about APS' financial viability when issuing the bonds. (Mem. at 5.)  In response, Plaintiff argues that Defendant had both a duty to take over the project if APS failed and

4

a duty to not issue the bonds to an insolvent contractor. (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Opp.") ECF No. 14 at 5-6.) Plaintiff does not cite to any language within the bonds, and avers that the "duty assumed by [Defendant] to the other prime contractors on the Project, including [Plaintiff] does not stem from the bonds . . . ." (*Id*. at 6.) Instead, in support of its argument, Plaintiff cites to a case applying the standard for a breach of fiduciary duty claim. *See Osberg v. Foot Locker, Inc*., 138 F. Supp. 3d 517, 552 (S.D.N.Y. 2015) (discussing a fiduciary's duty of care to "provide accurate and complete written explanations of the benefits available to plan participants and beneficiaries"). However, "a breach of fiduciary duty claim calls for elements that do not apply at all to negligence" and "the standard of conduct and the duty of care demanded of fiduciaries are set higher than that of ordinary care which governs negligence." *Kwiatkowski v. Bear, Stearns & Co., Inc*., No. 96 Civ. 4798(VM), 2000 WL 640625, at *3 (S.D.N.Y. May 18, 2000). Plaintiff fails to cite any support for its contention that Defendant owed these duties of care. As it "remains plaintiff[']s burden to establish that defendant owed him a duty of care," *McDonald v. Elkholy*, No. 16 CV 2201 (AMD)(LB), 2017 WL 3503385, at *9 (E.D.N.Y. July 27, 2017), Plaintiff has failed its burden.

Plaintiff also argues that under New York law, duty is defined by foreseeability, not contractual privity, and it was a foreseeable victim of Defendant's decision to issue the bonds and finance APS. (Mem. at 8-9.) However, "[t]he New York Court of Appeals has held that foreseeability must be distinguished from duty . . . [t]he issue of foreseeability is only relevant in determining the scope of a preexisting duty; it is not normally used to create a duty." *McCarthy v. Sturm, Ruger & Co*., 916 F. Supp. 366, 369 (S.D.N.Y. 1996) (citing *Pulka v. Edelman*, 40 N.Y.2d 781, 785 (1976)). Therefore, Plaintiff has failed to show Defendant owed it a duty of care.

Accordingly, Plaintiff's negligence claim must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The Clerk of the Court is directed to terminate the motion at ECF No. 10, to enter judgment accordingly, and to close the case.

Dated: May 10, 2022                                      SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge